IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **NAILY FERNANDEZ FERREIRO,** | § § § | |
| Petitioner, | § § | |
| v. | § § | CAUSE NO. EP-26-CV-434-KC |
| **MARY DE ANDA YBARRA, et al.,** | § § § | |
| Respondents. | § § | |

### ORDER

On this day, the Court considered Naily Fernandez Ferreiro's Petition for a Writ of Habeas Corpus, ECF No. 1. Fernandez Ferreiro is detained at the El Paso Processing Service Center in El Paso, Texas. *Id.* ¶¶ 2, 6. She argues that her detention is unlawful and asks the Court to order her release or a bond hearing. *Id.* ¶¶ 18–66.

Fernandez Ferreiro entered the country in 2022, was apprehended, and then released on her own recognizance. *Id.* ¶ 2. In December 2025, Fernandez Ferreiro was arrested by immigration authorities at her scheduled check-in and re-detained. *Id.* In its Show Cause Order, ECF No. 5, the Court noted that, "[a]s alleged, [Fernandez Ferreiro's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 668–88 (W.D. Tex. 2025)." Show Cause Order 1. The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Fernandez Ferreiro's case warrant a different outcome." *Id.*

Respondents argue that Fernandez Ferreiro's case must be dismissed following *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026). Resp. 1–2, ECF No. 7.

Fernandez Ferreiro argues that her detention without an opportunity for a meaningful individualized custody determination is unlawful on both statutory grounds, as well as constitutional due process grounds.  Pet. ¶¶ 51–66.  The *Buenrostro-Mendez* panel opinion held that the statute does not entitle people in Fernandez Ferreiro's position to a bond hearing when they are detained pending removal proceedings.  *Buenrostro-Mendez*, 2026 WL 323330, at *1.  Therefore, Respondents are correct that *Buenrostro-Mendez* requires denial of the Petition in part as to Fernandez Ferreiro's statutory claim.

However, as this Court has previously stated, the *Buenrostro-Mendez* court did not reach the due process question, confining its analysis and holding to statutory interpretation.  *Bonilla Conforme v. De Anda-Ybarra*, No. 3:26-cv-263-KC, 2026 WL 381110, at *1 (W.D. Tex. Feb. 11, 2026) (citing *Buenrostro-Mendez*, 2026 WL 323330, at *1–10).  Thus, "*Buenrostro-Mendez* has no bearing on this Court's determination of whether [a habeas petitioner] is being detained in violation of her constitutional right to procedural due process." *Id.* at *2 (citation omitted).  Other "[f]ederal district courts in Texas have also made this finding subsequent to the Fifth Circuit issuing its opinion in *Buenrostro-Mendez*."  *Ochoa v. Vergara*, No. 1:26-cv-266-RP, 2026 WL 482211, at *3 (W.D. Tex. Feb. 20, 2026) (collecting cases).

And the Court has already rejected the rest of Respondents' arguments or else need not reach them.  *Compare* Resp. 1–9, *with, e.g.*, *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10–13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo*, 801 F. Supp. 3d at 674–88.  Because Respondents have not identified any material differences between Fernandez

Ferreiro's case and this Court's prior decisions, and *Buenrostro-Mendez* has no bearing on Fernandez Ferreiro's procedural due process claim, it follows that the same result is warranted here.  *See generally* Resp.

Thus, after careful consideration of the entire record,[1] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, *Bonilla Conforme*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Fernandez Ferreiro's Petition is **GRANTED IN PART** on procedural due process grounds.[2]

The Court **ORDERS** that, **on or before March 3, 2026**, Respondents shall either: (1) provide Fernandez Ferreiro with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Fernandez Ferreiro's continued detention; or (2) release Fernandez Ferreiro from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before March 3, 2026**, Respondents shall **FILE** notice informing the Court whether Fernandez Ferreiro has been released from custody. If Fernandez Ferreiro has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

---

[1] Because the Court grants relief even when resolving the fact dispute over means of re-detention in Respondents' favor, *see* Resp. 1–2; Pet. ¶ 2, it is unnecessary to hold a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

[2] As to Fernandez Ferreiro's requested relief—immediate release or a bond hearing—*Buenrostro-Mendez* does not change the Court's analysis of the appropriate remedy either. *See, e.g., Bonilla Conforme*, 2026 WL 381110, at *3.

**IT IS FURTHER ORDERED** that if Fernandez Ferreiro is released from custody, Respondents shall **RETURN** all of her personal property in their custody to her upon release. Such property includes, but is not limited to, identification documents.

**There will be no extensions of the March 3, 2026, deadlines**.

**Respondents are CAUTIONED that a proceeding in which bond is denied by the IJ for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with this Order, and therefore requires release from custody**.

**SO ORDERED**.

**SIGNED** this 24th day of February, 2026.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE